# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 536

### EARP v. STATE

Ohio Appeals, 6th Dist., Lucas Co.
No. 1672. Decided March 8, 1926

**511. FALSE PRETENSE**—Where in an indictment charging false pretenses, promises are coupled with statements of past or present existing facts, and a separation can be made, the promises may be disregarded and conviction be had on the false statements.

RICHARDS, J.

William Earp, was convicted in Lucas Common Pleas of obtaining $11,400 from one John Brown by false and fraudulent pretenses.

Earp, as ground for reversal, alleges that the indictment charges no offense in that the pretenses relied on as false did not relate to past events or existing facts, but to a future promise.

The indictment alleges in substance that the representations of Earp were that two persons, Miller and McBride, had invested a large sum of money in certain stocks, that they had due $83,000 on this investment, that the sum of $40,000 must be exhibited by them to show good faith, that this sum must be exhibited to Earp, the purported president of the stock exchange, that Brown was induced to deliver to Miller and McBride, $11,400 to help make up said $40,000 and that Brown would share in the amount due. Error was prosecuted and the Court of Appeals held:

1. Although some of the averments in the indictment are promises of something that will be done in the future, they are coupled with material representations of past or existing facts.

2. When the statements of fact and the promise relied on as constituting the crime may be separated and reliance is placed on the former, the promise may be disregarded and a conviction be had on the false statement of fact.

Attorneys—A. J. Seney, for Earp; R. R. Stuart, Pros. Atty., and Harry Levy, Asst. Pros. for State; all of Toledo.

### No. 537

### CITY VIEW APARTMENT & STOR. CO. v. NEISS

Ohio Appeals. 9th District Summit Co.
No. 1073. Decided Feb. 8, 1926

**557. FRAUD AND DECEIT**—Where fraudulent misrepresentations as to character and nature of instrument, are made to induce signing thereof, such fraud is a valid defense to any action on it.

YOUNG, J.

This action was brought in the Akron Municipal Court by the City View & Storage Company to recover on an alleged stock subscription. The company securing judgment in this court, error was prosecuted by John Neiss to Summit Common Pleas where the case was tried to a jury. Verdict and judgment being rendered in favor of Neiss error was prosecuted to this court.

It seems from the evidence that one Charles Yeager president and representitive of the company approached Neiss with a writting purported to be and which he falsely and fraudulently represented to be a prospective list of purchasers of stock in the plaintiff corporation.

Neiss relying upon the representations of Yeager and being told that this was not an agreement to purchase placed his name thereon along with the names of numerous others on said list.

The company contends that the document signed by Neiss is a valid and binding contract for the purchase of stock. The court of appeals held:

1. While it is true that a person is ordinarily obligated to read an instrument he signs nevertheless he may rely upon representations made as to the character of said instrument.

2. While the representations so made were false and fraudulent and they were relied upon, such fraud can be set up as defense to an action upon the instrument.

3. Being induced by fraud to sign this instrument it is not valid as a subsisting contract for the purchase of stock in the corporation.

Judgment of the trial court affirmed.

Attorneys—Messrs. Burch, Bacon & Denlinger for Apartment; Messrs. Mottinger & Evans and Mr. R. C. Woolf, for Neiss; all of Akron.